E-FILED
Tuesday, 12 May, 2026 04:31:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
IN THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN VERBECK, BRUCE COLEMAN, DALE KIRK, JOHN KUNZE, and MICHAEL GERADS,<br><br>Plaintiffs,<br>vs.<br><br>STANDARD FORWARDING FREIGHT, LLC,<br><br>Defendant. | Case No. 4:26-cv-04051-SLD-RLH<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Ryan Verbeck, Bruce Coleman, Dale Kirk, John Kunze, and Michael Gerads (collectively, "Plaintiffs"), on behalf of themselves and a putative class of similarly situated former employees as defined herein, brings this suit against Defendant Standard Forwarding Freight, LLC ("Defendant," "Standard Forwarding," or the "Standard Forwarding Defendant"), by way of this Class Action Complaint, and allege as follows:

**NATURE OF THE ACTION**

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101-2109 (the "WARN Act"), the Illinois Worker Adjustment and Retraining Notification Act (the "Illinois WARN Act"), 820 ILCS 65/1, *et seq.*, the Iowa Worker Adjustment and Retraining Notification Act (the "Iowa WARN Act"), Iowa Code Ann. § 84C.1, *et seq.*, the Wisconsin Business Closing and Mass Layoff Law ("Wisconsin WARN Act or the "Wis-WARN Law"), Wis. Stat. § 109.07, *et seq.*, and the Minnesota Worker Adjustment and Retraining Notification Act (the "Minnesota WARN Act"), Minn. Stat. § 116L.976, by the

Plaintiffs on their own behalf and on behalf of the other similarly situated persons against Standard Forwarding, which was their employer for WARN Act purposes at all times relevant to this First Amended Complaint.

2. On or around December 27, 2025, the Standard Forwarding Defendant announced that effectively immediately, it was shutting down their day-to-day operations in Illinois, Iowa, Wisconsin, and Minnesota, laying off and terminating hundreds of employees, including all of their unionized drivers and freight handlers, effective December 27, 2025[1].

3. Defendant announced terminations, permanent layoffs, and company-wide shut down on December 27, 2025 – which constituted a mass layoff. As such Plaintiffs and other similarly situated employees should have received the full protection afforded by the statutes raised in this Complaint, including the Federal WARN Act, the Illinois WARN Act, the Iowa WARN Act, the Wis-WARN Law, and the Minnesota WARN Act.

4. The Standard Forwarding Defendant is a covered entity under all statutes raised in this Complaint, including the Federal WARN Act, the Illinois WARN Act, the Iowa WARN Act, the Wis-WARN LAW, and the Minnesota WARN Act.

5. The Standard Forwarding Defendant failed to provide the required advance notice under all statutes raised in this Complaint, including the Federal WARN Act, the Illinois WARN Act, the Iowa WARN Act, the Wis-WARN LAW, and the Minnesota Mini-WARN Act.

6. The Standard Forwarding Defendant's actions do not fall under any of the exceptions enumerated in the statutes raised in this Complaint, including the Federal WARN Act,

[1] Plaintiff Coleman and Plaintiff Kunze were asked to remain until December 31, 2025, to assist with closing of the facility.

the Illinois WARN Act, the Iowa WARN Act, the Wis-WARN LAW, and the Minnesota WARN Act.

## JURISDICTION AND VENUE

7. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

8. This Court has Federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 29 U.S.C. § 2104(a)(5). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 29 U.S.C. § 2104(a)(5) and 28 USC § 1391(b), as the Standard Forwarding Defendant's principal place of business is in this district; Plaintiff Verbeck was employed by Defendant in East Moline, Illinois; and Defendant's wrongful actions have caused harm in this judicial district.

## PARTIES

10. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

11. Plaintiff Ryan Verbeck ("Plaintiff Verbeck") is a citizen of the United States and resident of Henry County, Illinois. Plaintiff Verbeck was employed by Defendant at all times relevant to this First Amended Complaint by Defendant in East Moline, Illinois. Plaintiff Verbeck worked for the Standard Forwarding Defendant for more than 28 years until he was terminated without proper notice on December 27, 2025. Plaintiff Verbeck is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "affected employee" within the meaning of 820 Ill. Comp. Stat. Ann. 65/5(a).

12. Plaintiff Bruce Coleman ("Plaintiff Coleman") is a citizen of the United States and resident of Winnebago County, Illinois. Plaintiff Coleman was employed by Defendant at all times relevant to this First Amended Complaint in Rockford, Illinois. Plaintiff Coleman worked for the Standard Forwarding Defendant for more than 17 years until he was terminated without proper notice on December 31, 2025. Plaintiff Coleman is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "affected employee" within the meaning of 820 Ill. Comp. Stat. Ann. 65/5(a).

13. Plaintiff Dale Kirk ("Plaintiff Kirk") is a citizen of the United States and resident of Madison County, Iowa. Plaintiff Verbeck was employed by Defendant at all times relevant to this First Amended Complaint in Des Moines, Iowa. Plaintiff Verbeck worked for the Standard Forwarding Defendant for more than 27 years until he was terminated without proper notice on December 27, 2025. Plaintiff Kirk is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and Iowa Code Ann. § 84C.2(1).

14. Plaintiff John Kunze ("Plaintiff Kunze") is a citizen of the United States and resident of Milwaukee County, Wisconsin. Plaintiff Kunze was employed by the Defendant at all times relevant to this First Amended Complaint in St. Francis, Wisconsin. Plaintiff Kunze worked for the Standard Forwarding Defendant for more than 21 years until he was terminated without proper notice on December 31, 2025. Plaintiff Kunze is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "affected employee" within the meaning of Wis. Stat. Ann. § 109.07(a)(1).

15. Plaintiff Michael Gerads ("Plaintiff Gerads") is a citizen of the United States and resident of Anoka County, Minnesota. Plaintiff Gerads was employed by Defendant at all times relevant to this First Amended Complaint in Blaine, Minnesota. Plaintiff Gerads worked for the

Standard Forwarding Defendant for more than 13 years until he was terminated without proper notice on December 27, 2025. Plaintiff Gerads is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7)(a)(1) and an employee covered by Minn. Stat. Ann. § 116L.976.

16. Defendant Standard Forwarding Freight, LLC is a limited liability company formed in the state of Georgia, with its principal place of business at 1990 Lakeside Parkway, Suite 185, Tucker, Georgia 30084. Before their closing, Standard Forwarding Defendants had operations in multiple states, including Illinois, Iowa, Wisconsin and Minnesota. Their Rockford facility was located at 2716 8th St, Rockford, Illinois 61109. Defendant Standard Forwarding Freight, LLC may be served via its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261, or wherever it may be found.

## FACTUAL ALLEGATIONS

17. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

18. On or about December 27, 2025, and without advance warning, Defendant began shutting down its regular business operations. The cessation of operations included a mass layoff that included the termination of more than 100 employees at each of its locations nationwide – including the termination of more than 100 employees at the Rockford, Illinois facility, the East Moline, Illinois facility, the Des Moines, Iowa facility, the St. Francis, Wisconsin facility, and the Blaine, Minnesota facility.

19. Plaintiff Verbeck was employed by Defendant in East Moline, Illinois prior to receiving notice of his termination on December 27, 2025. On that day, Standard Forwarding contacted Plaintiff Verbeck and informed him that he need not report for work. Upon information and belief, Standard Forwarding communicated the news of the layoff to its other East Moline

employees in the same manner, verbally. On January 9, 2026, Plaintiff Verbeck received written notice falsely stating that the Standard Forwarding Defendant was temporarily suspending its day-to-day operations. In reality, Defendant had permanently shut down its day-to-day operations, and its use of "temporary" language was intended to mislead employees and authorities about the state of the company's operations. Since the layoff, Plaintiff Verbeck has attempted to contact the Standard Forwarding Defendant with no success, and the Standard Forwarding Defendant has shut down its email domain (which no longer receives email messages).

20. Plaintiff Coleman was employed by the Standard Forwarding Defendant in Rockford, Illinois prior to receiving notice of his termination on December 31, 2025. Plaintiff Coleman learned of the first wave of mass layoffs on December 27, 2025, via a phone call from another affected employee, but Defendant asked Coleman to stay on to help it close the Rockford facility. Defendant then told Plaintiff Coleman he need not report to work after December 31. Upon information and belief, the Standard Forwarding Defendant communicated the news of the layoff to their other Rockford employees in the same manner, verbally. Like Plaintiff Verbeck, Plaintiff Coleman did not receive any written notice until after his termination was effective. Plaintiff Coleman texted his terminal manager, who confirmed the layoff. Plaintiff Coleman was one (1) of three (3) drivers who was asked to stay until December 31, 2025, to move property from other facilities to the Defendant's own facility. Plaintiff Coleman did not receive a written notice of his termination until January 7, 2026 – which was after the termination was effective. The written notice sent to Plaintiff Coleman falsely indicated that the Standard Forwarding Defendant was temporarily suspending its operations. In reality, Defendant had permanently shut down its day-to-day operations, and its use of "temporary" language was intended to mislead employees and authorities about the state of the company's operations. Since the layoff, Plaintiff Verbeck

has attempted to contact the Standard Forwarding Defendant with no success, and the Standard Forwarding Defendant has shut down its email domain (which no longer receives email messages).

21. Plaintiff Kirk was employed by the Standard Forwarding Defendant in Des Moines, Iowa, prior to receiving notice of his termination on December 27, 2025. On that day, the Standard Forwarding Defendant contacted Plaintiff Kirk and informed him that he need not report for work. Upon information and belief, Defendant communicated the news of the layoff to its other Des Moines employees in the same manner, verbally. Like Plaintiffs Verbeck and Coleman, Plaintiff Kirk did not receive any written notice until after his termination was effective. On January 9, 2026, Plaintiff Kirk received written notice falsely stating that Standard Forwarding was temporarily suspending its day-to-day operations. In reality, Defendant had permanently shut down its day-to-day operations, and its use of "temporary" language was intended to mislead employees and authorities about the state of the company's operations. Since the layoff, Plaintiff Kirk has attempted to contact the Standard Forwarding Defendant with no success, and the Standard Forwarding Defendant has shut down its email domain (which no longer receives email messages).

22. Plaintiff Kunze was employed by the Standard Forwarding Defendant in St. Francis, Wisconsin prior to receiving notice of his termination on December 31, 2025. Plaintiff Kunze learned of the first wave of mass layoffs on December 27, 2025, but the Standard Forwarding Defendant asked Kunze to stay on to help it close the St. Francis facility. Defendant then told Plaintiff Kunze he need not report to work after December 31. Upon information and belief, the Standard Forwarding Defendant communicated the news of the layoff to its other St. Francis employees in the same manner, verbally. Like Plaintiffs Verbeck, Coleman, and Kirk, Plaintiff Kunze did not receive a written notice of his termination until after the termination was

effective. On January 9, 2026, Plaintiff Kunze received written notice falsely stating that the Standard Forwarding Defendant was temporarily suspending its day-to-day operations. In reality, Defendant had permanently shut down its day-to-day operations, and its use of "temporary" language was intended to mislead employees and authorities about the state of the company's operations. Since the layoff, Plaintiff Kirk has attempted to contact the Standard Forwarding Defendant with no success, and the Standard Forwarding Defendant has shut down its email domain (which no longer receives email messages).

23. Plaintiff Gerads was employed by the Standard Forwarding Defendant in Circle Pines (Blaine), Minnesota prior to receiving a notice of his termination on December 27, 2025. The following day, on December 28, the Standard Forwarding Defendant contacted Plaintiff Gerads, informed him of the December 27 layoffs, and told him that he need not report for work on December 28. Upon information and belief, the Standard Forwarding Defendant communicated the news of the layoff to their other Blaine employees in the same manner, verbally. Like Plaintiffs Verbeck, Coleman, Kirk, and Kunze, Plaintiff Gerads did not receive any written notice until after his termination was effective. On January 9, 2026, Plaintiff Gerads received written notice falsely stating that the Standard Forwarding Defendants were temporarily suspending their day-to-day operations. In reality, the Defendant had permanently shut down its day-to-day operations, and its use of "temporary" language was intended to mislead employees and authorities about the state of the company's operations. Since the layoff, Plaintiff Gerads has attempted to contact the Standard Forwarding Defendant with no success, and the Standard Forwarding Defendant has shut down its email domain (which no longer receives email messages).

24. Despite the permanent lay off and termination of its entire unionized driver and freight handler employees company-wide, Defendant failed to provide adequate notice under 29

U.S.C. § 2101 et seq., 820 ILCS 65/10(a), Iowa Code Ann. § 84C.3, Wis. Stat. § 109.07, and Minn. Stat. 116L.976. Defendant's wrongful action resulted in the loss of employment for at least 33% of its workforce and more than 100 full-time employees.

25. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period as provided in 29 U.S.C. § 2102(b), 820 ILCS 65/10(a), Iowa Stat. § 84C.3, Wis. Stat. § 109.07, and Minn. Stat. 116L.976.

26. This was not a temporary closing; it was a permanent shutdown of Defendant Standard Forwarding Freight, LLC's, day-to-day operations nationwide.

27. Defendant intentionally misrepresented the shutdown to its employees as a temporary closing.

28. Defendant intentionally misrepresented the shutdown to its employees as a temporary closing, at least in part, to avoid legal liability for improperly laying off its employees.

29. Upon information and belief, Defendant intentionally misrepresented the shutdown to Federal and State authorities as a temporary closing.

30. Upon information and belief, Defendant intentionally misrepresented the shutdown to Federal and State authorities as a temporary closing, at least in part, to avoid legal liability for improperly laying off its employees.

31. By failing to provide Plaintiffs and its affected employees who were terminated on December 27, 2025, and December 31, 2025, with WARN Act Notices, Illinois WARN Act Notices, Iowa WARN Act Notices, Wis-WARN Law Notices, Minnesota mini-WARN Act Notices and other benefits, the Standard Forwarding Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the applicable law.

32. Defendant's wrongful actions resulted in the statutory minimum employment losses at each of the respective employment sites contained herein.

33. Pleading in the alternative, the Rockford and East Moline, along all other sites located in Illinois and operated by the Standard Forwarding Defendant shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II),

**RULE 23 CLASS ACTION ALLEGATIONS**

34. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

35. Plaintiffs bring their WARN Act claims, on behalf of themselves and others similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Nationwide Class"):

> All employees of the Standard Forwarding Defendant or its operating affiliates and subsidiaries who were terminated and/or told not to report to work, on or after December 27, 2025.

36. Plaintiffs Verbeck and Coleman bring an Illinois WARN Act claim, on behalf of themselves and others similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Illinois Subclass):

> All employees of the Standard Forwarding Defendant or its operating affiliates and subsidiaries in Illinois who were terminated and/or told not to report to work, on or after December 27, 2025.

37. Plaintiff Kirk brings an Iowa WARN Act claim, on behalf of himself and others similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Iowa Subclass"):

> All employees of the Standard Forwarding Defendant or its operating affiliates and subsidiaries in Iowa who were terminated and/or told not to report to work, on or after December 27, 2025.

38. Plaintiff Kunze brings a Wisconsin WARN Act claim, on behalf of himself and others similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Wisconsin Subclass"):

> All employees of the Standard Forwarding Defendant or its operating affiliates and subsidiaries in Wisconsin who were terminated and/or told not to report to work, on or after December 27, 2025.

39. Plaintiff Gerads brings a Minnesota WARN Act claim, on behalf of himself and others similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class (the "Minnesota Subclass"):

> All employees of the Standard Forwarding Defendant or its operating affiliates and subsidiaries in Minnesota who were terminated and/or told not to report to work, on or after December 27, 2025.

40. The Nationwide Class, the Illinois Subclass, the Iowa Subclass, the Wisconsin Subclass, and the Minnesota Subclass, are collectively referred to herein as the "Class" for ease of reference.

41. Class Action treatment of Plaintiffs' is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The Class and Subclasses include, upon information and belief, over 100 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether the Standard Forwarding Defendant provided adequate notice of the mass layoff under the WARN Act, 29 U.S.C.§ 2102, and whether the Standard Forwarding Defendant is liable under the WARN Act as single or covered employer.

c. Questions of law and fact are likewise common to the discreet subclasses, including, *inter alia*, whether the Standard Forwarding Defendant violated, and is liable as an employer covered by the Illinois WARN Act, 820 ILCS 65/1, *et seq*., the Iowa WARN Act, Iowa Code Ann. § 84C.1, *et seq.*, the Wisconsin WARN Act, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. 116L.976

d. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

e. Plaintiffs are members of the Class, and their claims are typical of the claims of other Class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other Class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

f. Plaintiffs will fairly and adequately represent the Class and their interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the Class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

42. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the Standard Forwarding Defendant.

43. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because adjudications with respect to individual class members could, as a practical matter, be dispositive of the interests of non-party class members.

44. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Standard Forwarding Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

45. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE WORKER ADJUSTMENT AND RETRAINING NOTICE ACT, 29 U.S.C. §§ 2101, et seq. (Federal WARN Act)

46. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

47. The Standard Forwarding Defendant acted as an “employer” within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

48. Plaintiffs and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(5).

49. The Standard Forwarding Defendant employed more than 100 full-time employees for at least six months of the 12 months preceding the date that notice was required under the WARN Act.

50. The December 27, 2025, closing of each of the Standard Forwarding Defendant's facilities nationwide, including the Rockford, Illinois, East Moline, Illinois, Des Moines, Iowa, St. Francis, Wisconsin, and Blaine, Minnesota facilities, constituted a "plant closing" as defined in 29 U.S.C. § 2101(a)(2) because each was a permanent or temporary shutdown of a single site of employment or one or more operating units within a single site of employment that resulted in an employment loss for 50 or more employees, which has already lasted more than thirty (30) days.

51. In the alternative, the December 27, 2025, closing of the Standard Forwarding Defendants' facilities nationwide, including the Rockford, Illinois, East Moline, Illinois, Des Moines, Iowa, St. Francis, Wisconsin, and Blaine, Minnesota facilities, constituted a "mass layoff" as defined in 29 U.S.C. § 2101(b)(3)(B), because it resulted in a loss of employment at each of the single sites of employment of at least 33% of the employees and at least fifty (50) employees (excluding part-time employees). 29 U.S.C. § 2101(b)(3)(B)(i)(I)-(ii).

52. Further pleading in the alternative, the Rockford and East Moline, Des Moines, St. Francis, Blaine, and all other Standard Forwarding sites operated by the Standard Forwarding Defendant or its operational affiliates and subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as

representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II); 20 C.F.R. § 639.3.

53. The WARN Act requires employers to provide 60-days' notice of any mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

54. Upon information and belief, prior to January 2026, the Standard Forwarding Defendant did not give any prior written notice of the December 2025 mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C. § 2101(a)(5); nor upon information and belief did the Standard Forwarding Defendant give any prior written notice to the Illinois Department of Labor, Iowa Workforce Development, the Wisconsin Department of Workforce Development, Minnesota Department of Labor, the chief elected official of the local government where the mass layoff was ordered, or to any other proper authority.

55. Defendant violated the WARN Act by failing to give timely written notice of the plant closings, or in the alternative the mass layoff, as required by 29 U.S.C. § 2102(a), which began on or about December 27, 2025, and which upon information and belief continues as of the filing of this complaint.

56. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

57. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

58. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period.

59. Moreover, the Standard Forwarding Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**COUNT II:**
**VIOLATIONS OF THE ILLINOIS WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT**
**820 ILCS 65/1, *et seq*.**
**(Illinois WARN Act)**

60. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

61. In the alternative, Plaintiffs Verbeck and Coleman assert a cause of action under the Illinois Worker Adjustment and Retraining Act. Plaintiffs plead this claim in the event that (1) the federal WARN Act is deemed not to apply or (2) recovery under the Federal WARN Act for whatever reason is unavailable or less favorable.

62. The Standard Forwarding Defendant acted as an "employer" within the meaning of the Illinois WARN Act. WARN Act. 820 ILCS 65/5(c).

63. Plaintiffs Verbeck and Coleman, and those they seek to represent, were at all times relevant to this First Amended Complaint "employees" within the meaning of the Illinois WARN Act, 820 ILCS 65/5(a).

64. The December 27, 2025, closing of each of the Standard Forwarding Defendant's operations at the Rockford and East Moline facilities constituted a "plant closing" as defined in 820 ILCS 65/5(f), since it was a permanent or temporary shutdown of a single site of employment or one or more operating units within a single site of employment that resulted in an employment loss for 50 or more employees.

65. Pleading in the alternative, the Rockford and East Moline, along all other sites located in Illinois and operated by the Standard Forwarding Defendant shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II),

66. Further pleading in the alternative, the Rockford and East Moline, Des Moines, St. Francis, Blaine, and all other Standard Forwarding sites operated by the Standard Forwarding Defendant or its operational affiliates and subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II); 20 C.F.R. § 639.3.

67. As of May 12, 2026, the shutdown has lasted longer than thirty (30) days.

68. To the extent that the December 27, 2025, closing of the Standard Forwarding Defendants' Rockford and East Moline operations is not a "plant closing" as defined in 820 ILCS 65/5(f), the closing constitutes a "mass layoff" as that term is used in 820 ILCS 65/5(d), since it

resulted in an employment layoff of at least 33 percent of the employees and at least 50 employees of Defendant Standard Forwarding Freight, LLC.

69. The December 27, 2025, closing of Standard Forwarding Freight's Rockford and East Moline operations terminated at least 50 employees resulting in "employment losses" as defined in 820 ILCS 65/5(b).

70. The Illinois WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff to the "affected employees and representatives of affected employees" and "the Department of Commerce and Economic Opportunity and the chief elected official of each municipal and county government within which the employment loss, relocation, or mass layoff occurs." 820 ILCS 65/10(a).

71. On information and belief, prior to December 27, 2025, the Standard Forwarding Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined, nor upon information and belief did the Standard Forwarding Defendant give any prior written notice to the Illinois Department of Commerce and Economic Opportunity and/or to the chief elected official of the local government within which the plant closing and/or mass layoff was ordered.

72. The Standard Forwarding Defendant violated the Illinois WARN Act by failing to give timely written notice of the mass layoff and/or plant closing as required by 820 ILCS 65/10(a). The mass layoff and/or plant closing began on or about December 27, 2025, and which continues as of the filing of this First Amended Complaint.

73. The Illinois WARN Act expressly requires an employer who violates the Illinois Warn Act to pay back pay at the average regular rate of compensation received by the employee

during the last three years of his or her employment or the employee's final rate of compensation, whichever is higher. 820 ILCS 65/35(a).

74. Upon information and belief, no circumstances existed that would have permitted the Standard Forwarding Defendants to reduce the notification period.

75. Moreover, the Standard Forwarding Defendant's violations of the WARN Act were not in good faith, and the Standard Forwarding Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 820 ILCS 65/10(a).

**COUNT III:**
**VIOLATIONS OF THE IOWA WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, § 84C, *et seq*.**
**(Iowa WARN Act)**

76. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

77. In the alternative, Plaintiff Kirk asserts a cause of action under the Iowa Worker Adjustment and Retraining Notification Act. Plaintiffs plead this claim in the event that (1) the federal WARN Act is deemed not to apply or (2) recovery under the Federal WARN Act for whatever reason is unavailable or less favorable.

78. The Standard Forwarding Defendant acted as an "employer" within the meaning of the Iowa WARN Act. WARN Act, Iowa Code Ann. § 84C.2(5).

79. Plaintiff Kirk and those he seeks to represent were at all relevant times "aggrieved employees" and "employees" within the meaning of the Iowa WARN Act, *id*. at § 84C.2(1), (4).

80. The December 27, 2025, closing of the Standard Forwarding Defendant's operations at the Des Moines facility constituted a "Business closing" as defined in Iowa WARN Act, *id*. at § 84C.2(2), since it was a permanent or temporary shutdown of a single site of

employment of one or more facilities or operating units that resulted in an employment loss for twenty-five (25) or more employees and has already lasted longer than thirty (30) days.

81. Pleading in the alternative, the Des Moine facility, along all other sites located in Iowa and operated by the Standard Forwarding Defendant or its operational affiliates and subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II),

82. Further pleading in the alternative, the Rockford, East Moline, Des Moines, St. Francis, Blaine, and all other Standard Forwarding sites operated by the Standard Forwarding Defendant or its operational affiliates and subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II); 20 C.F.R. § 639.3.

83. To the extent that the December 27, 2025, closing of the Standard Forwarding Defendant's Des Moines operations is not a "business closing" as defined in Iowa WARN Act, § *id*. at 84C.2(2), the closing constitutes a "mass layoff" as that term is used in Iowa WARN Act, § *id*. at 84C.2(7), since it resulted in an employment loss at a single site of employment during any thirty-day period of twenty-five (25) or more employees, other than parti-time employees.

84. The December 27, 2025, closing of Standard Forwarding Defendant's Des Moines operations terminated at least 25 employees resulting in "employment losses" as defined in Iowa WARN Act, *id*. at § 84C.2(6).

85. The Iowa WARN Act requires employers to provide 30-days' notice of any plant closing or mass layoff to the "affected employees and representatives of affected employees" and "the Iowa Workforce Development and the chief elected official of each municipal and county government within which the employment loss, relocation, or mass layoff occurs." Iowa WARN Act, *id*. at § 84C.3.

86. On information and belief, prior to the business closing (or, in the alternative, mass layoffs) that began on December 27, 2025, the Standard Forwarding Defendant did not give any written notice "affected employee," including Plaintiffs and those they seek to represent, as that term is defined; nor upon information and belief did the Standard Forwarding Defendant give any prior written notice to the Iowa Workplace Development and/or to the chief elected official of the local government within which the plant closing and/or mass layoff was ordered. Upon information and belief, the Standard Forwarding Defendant did not provide any written notice to employees until January 2026.

87. The Standard Forwarding Defendant violated the Iowa WARN Act by failing to give timely written notice of the mass layoff and/or plant closing as required by the Iowa WARN Act, § 84C.3. The mass layoff and/or plant closing began on or about December 27, 2025, and which upon information and belief was continuing as of the filing of this First Amended Complaint.

88. The Iowa WARN Act expressly subjects violators to liability including but not necessarily limited to wages at the regular rate of compensation received by the employee during the notice period. Iowa WARN Act, *id*. at § 84C.5(2).

89. Upon information and belief, no circumstances existed that would have permitted the Standard Forwarding Defendant to reduce the notification period.

90. Moreover, the Standard Forwarding Defendant's violations of the WARN Act were not in good faith, and the Standard Forwarding Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Iowa WARN Act, § 84C.3.

**COUNT IV:**
**VIOLATIONS OF THE WISCONSIN BUSINESS CLOSING AND MASS LAYOFF LAW, WIS. STAT. § 109.07, *et seq.,***
**(Wisconsin WARN Act)**

91. Plaintiffs reallege the foregoing allegations and incorporate them as if set forth here verbatim.

92. In the alternative, Plaintiff Kunze asserts a cause of action under Wisconsin's Business Closing and Mass Layoff Law in the event that (1) the federal WARN Act is deemed not to apply or (2) recovery under the Federal WARN Act for whatever reason is unavailable or less favorable.

93. The Standard Forwarding Defendant acted as an "employer" within the meaning of the Wis-WARN Law. Wis. Stat. § 109.07(1)(d).

94. Plaintiff Kunze and those he seeks to represent were at all relevant times "affected employees" within the meaning of Wis. Stat. § 109.07(1)(a).

95. The December 27, 2025, closing of the Standard Forwarding Defendant's operations at the St. Francis facility constituted a "business closing" as defined in Wis. Stat. § 109.07(1)(b) because it was a permanent or temporary shutdown of a single site of employment or of one or more facilities operating units within a single site of employment that resulted in an employment loss for 25 or more employees and has already lasted longer than 30 days.

96. Pleading in the alternative, the St. Francis site and all other sites located in Wisconsin and operated by the Standard Forwarding Defendant or its operational affiliates and

subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II),

97. Further pleading in the alternative, the Rockford and East Moline, Des Moines, St. Francis, Blaine, and all other Standard Forwarding sites operated by the Standard Forwarding Defendant or its operational affiliates and subsidiaries shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II); 20 C.F.R. § 639.3.

98. To the extent that the December 27, 2025, closing of the Standard Forwarding Defendant's St. Francis operations is not a "business closing" as defined in Wis. Stat. § 109.07(1)(b), the closing constitutes a "mass layoff" as that term is used in Wis. Stat. § 109.07(1)(f) because it resulted in an employment layoff of at least 25% of the Standard Forwarding Defendant's employees at the St. Francis site or twenty-five (25) St. Francis employees, whichever is greater.

99. The Wis-WARN Law requires employers to provide 60-days' notice of any business closing or mass layoff to the "affected employees and representatives of affected employees" and to "the Department of Workplace Development and the chief elected official of each municipal and county government within which the employment loss, relocation, or mass layoff occurs." Wis. Stat. § 109.07(1m)(a).

100. Upon information and belief, the Standard Forwarding Defendant did not give written notice of the business closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, prior to December 27, 2025; nor upon information and belief did the Standard Forwarding Defendant give any prior written notice to the Department of Workplace Development or the chief elected official of the local government within which the business closing and/or mass layoff was ordered. *Id*.

101. The Standard Forwarding Defendant violated the Wis-WARN Law by failing to give timely written notice of the mass layoff and/or business closing as required § 109.07(1m)(a). The mass layoff and/or business closing began on or about December 27, 2025, and upon information and belief continues as of the filing of this complaint.

102. The Wis-WARN Law expressly subjects an employer who violates the Wis-WARN Law to damages including but not necessarily limited to the shorter of the employee's regular rate of pay during the last three years before the layoff or business closing or the time during which the employee was employed by the employer. Wis. Stat. § 109.07(1m)(3).

103. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period.

104. Moreover, the Standard Forwarding Defendant's violations of the Wis-WARN Law and the DWD Law were not in good faith, and the Standard Forwarding Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Wis. Stat. § 109.07(1m).

## COUNT V:
## VIOLATIONS OF THE MINNESOTA WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, MINN. STAT. § 116L.976
## (Minnesota WARN Act)

105. Plaintiffs reallege the foregoing allegations and incorporate them as if they were set forth here verbatim.

106. In the alternative, Plaintiff Gerads asserts a cause of action under the Minnesota Worker Adjustment and Retraining Notification Act. Minn. Stat. § 116L.976. Plaintiffs plead this claim under the Minnesota WARN Act in the event that (1) the federal WARN Act is deemed not to apply or (2) recovery under the Federal WARN Act for whatever reason is unavailable or less favorable.

107. The Minnesota mini-WARN Act encourages employers to provide 60-days' notice of any plant closing or mass layoff to the "affected employees and representatives of affected employees" and "the Department of Workplace Development and the chief elected official of each municipal and county government within which the employment loss, relocation, or mass layoff occurs." Minn. Stat. § 116L.976.

108. Minnesota law incorporates the Federal WARN Act, and it expressly provides that any notice requirement contained in the Minnesota Act is in addition to notice requirements imposed by the Federal Warn Act. Minn. Stat. § 116L.976. As a result, the Standard Forwarding Defendant's liability under Minnesota state law will mirror their liability under the Federal WARN Act.

109. Plaintiffs Gerads specifically realleges the Federal WARN Act allegations above and incorporates them as if set forth here verbatim.

110. The Standard Forwarding Defendant acted as an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

111. Plaintiff Gerads and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(5).

112. The Standard Forwarding Defendant employed more than 100 full-time employees for at least sixth months of the 12 months preceding the date that notice was required under the WARN Act.

113. The December 27, 2025, closing of the Standard Forwarding Defendant's Blaine, Minnesota facility constituted a "plant closing" as defined in 29 U.S.C.. § 2101(a)(2) because it was a permanent or temporary shutdown of a single site of employment or one or more operating units within a single site of employment that resulted in an employment loss for 50 or more employees, which has already lasted more than thirty (30) days.

114. In the alternative, the December 27, 2025, closing of the Standard Forwarding Defendant's Blaine, Minnesota facility constituted a "mass layoff" as defined in 29 U.S.C. § 2101(b)(3)(B), because it resulted in a loss of employment at each of the single sites of employment of at least 33% of the employees and at least fifty (50) employees (excluding part-time employees). 29 U.S.C. § 2101(b)(3)(B)(i)(I)-(ii).

115. Pleading further in the alternative, the Rockford, East Moline, Des Moines, St. Francis, Blaine, and other applicable facilities operated by the Standard Forwarding Defendant shared employees, staff, resources, and equipment – and were operated by the same management decision-makers. As such, the sites should be aggregated and, in the aggregate, be considered for purposes of this litigation as representing a single site of employment under applicable Federal and State law. *See, e.g.,* 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (ii)(II),

116. The WARN Act requires employers to provide 60-days' notice of any mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to

"the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

117. Upon information and belief, prior to January 2026, the Standard Forwarding Defendant did not give any prior written notice of the December 2025 mass layoff to any "affected employee," including Plaintiff Gerads and those he seeks to represent, as that term is defined in 29 U.S.C. § 2101(a)(5); nor upon information and belief did the Standard Forwarding Defendant give any prior written notice to "the commissioner, the employees of the affected establishment, any employee organization representing the employees, and the local government unit in which the affected establishment is located." Minn. Stat. Ann. § 116L.976(a).

118. The Standard Forwarding Defendant violated the Federal WARN Act and Minnesota law by failing to give timely written notice of the plant closings, or in the alternative the mass layoff, as required by 29 U.S.C. § 2102(a) and Minn. Stat. Ann. § 116L.976(a). The mass layoff and/or plant closing began on or about December 27, 2025, and which upon information and belief was continuing as of the filing of this First Amended Complaint.

119. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

120. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

121. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period.

122. Moreover, the Standard Forwarding Defendant's violation of the WARN Act were not in good faith, and the Standard Forwarding Defendants had no reasonable grounds for

believing that the mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

123. Plaintiffs were granted leave to amend their original Complaint, [Dkt. No. 14], and file this pleading pursuant to that Order. The Defendant Standard Forwarding, LLC, has, with this First Amended Complaint, been dismissed from the above action WITHOUT PREJUDICE.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representatives of the Federal WARN Act Class, Plaintiffs as representatives of the Illinois WARN Act Class, the Iowa WARN Act Class, Wisconsin WARN Law Class and Minnesota WARN Act Class and their counsel of record as Class Counsel for all classes sought.

B. A declaration that Defendant Standard Forwarding Freight, LLC, has violated the WARN Act, the Illinois Warn Act, the Iowa WARN Act, Wisconsin Wis-WARN Law and the Minnesota WARN Act;

C. A judgment against Standard Forwarding Freight, LLC, and in favor of Plaintiffs and those they seek to represent, for back pay, including wages, salary, commissions, and bonuses, to the fullest extent permitted by the Federal WARN Act, 29 U.S.C. § 2104(a)(1)(A), *et seq.*, or, in the alternative, damages to the fullest extent allowable under the Illinois WARN Act, 820 ILCS 65/1, *et seq.*, the Iowa WARN Act § 84C, *et seq.*, the Wis-WARN Law, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. § 116L.976, *et seq*.

D. A judgment against Standard Forwarding Freight, LLC, and in favor of Plaintiffs and those they seek to represent, for the loss of benefits including but not limited to accrued holiday

pay, accrued vacation pay, pension and other ERISA benefits, and medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the Federal WARN Act, 29 U.S.C. § 2104(a)(1)(B) or, in the alternative, damages to the fullest extent allowable under the Illinois WARN Act, 820 ILCS 65/1, *et seq*., the Iowa WARN Act § 84C, *et seq.*, the Wis-WARN Law, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. § 116L.976, *et seq*.

E. A finding that Standard Forwarding Freight, LLC,'s violations of the Federal WARN Act, the Illinois WARN Act, the Iowa WARN Act, Wisconsin Wis-WARN Law, and the Minnesota WARN Act, were and are willful, not in good faith, and that Standard Forwarding Freight, LLC, had no reasonable grounds for believing its mass layoff, plant closing, or business closing (as applicable) did not violate the notice requirements of the Federal WARN Act, 29 U.S.C. § 2104(a)(1)(A), *et seq.*, the Illinois WARN Act, 820 ILCS 65/1, *et seq*., the Iowa WARN Act § 84C, *et seq.*, the Wis-WARN Law, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. § 116L.976, *et seq*.

F. A judgment against Standard Forwarding Freight, LLC, and in favor of Plaintiffs and those they seek to represent, for litigation costs, expenses, attorney's fees to the fullest extent permitted under the Federal WARN Act, 29 U.S.C. § 2104(a)(6), or, in the alternative and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d).

G. In the alternative, a judgment for all allowable litigation costs, expenses, attorney fees, and discretionary costs, to the fullest extent permitted under the Illinois WARN Act, 820 ILCS 65/1, *et seq*., the Iowa WARN Act § 84C, *et seq.*, the Wis-WARN Law, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. § 116L.976, *et seq*.

H. A judgment against Standard Forwarding Freight, LLC, for civil penalties to the fullest extent allowable under the Federal WARN Act, 29 U.S.C., or, in the alternative, under the Illinois WARN Act, 820 ILCS 65/1, *et seq*., the Iowa WARN Act § 84C, *et seq.*, the Wis-WARN Law, Wis. Stat. § 109.07, *et seq.*, and the Minnesota WARN Act, Minn. Stat. § 116L.976, *et seq*.

I. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by a jury of twelve (12) on all counts so triable.

DATED: This 12th day of May 2026.

Respectfully submitted,

*/s/ Daniel P. Hull*

Benjamin A. Gastel (ILCD # 6337307)
Daniel P. Hull (ILCD # 6055857)
**HERZFELD SUETHOLZ GASTEL LENISKI & WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
Telephone: (615) 800-6225
Email: ben@hsglawgroup.com
daniel@hsglawgroup.com

N. Elizabeth Reynolds (ILND # 90784815)
**ALLISON, SLUTSKY & KENNEDY, P.C.**
230 W. Monroe Street, Suite 2000
Chicago, Illinois 60606
Telephone: (312) 364-9400, extension 3010
Email: reynolds@ask-attorneys.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing was served via the Court's CM/ECF System upon all parties who have appeared (and are registered users), including:

Charles B. Leuin
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
cleuin@beneschlaw.com

*Attorney for Defendant Standard Forwarding Freight, LLC*

Jill Vorobiev
Jeronimo Simonovis
**MORGAN LEWIS & BOCKIUS, LLP**
110 North Wacker Drive
Chicago, Illinois 60606
jill.vorobiev@morganlewis.com
jeronimo.simonovis@morganlewis.com

*Attorneys for Defendant Standard Forwarding, LLC*

*/s/ Daniel P. Hull*
Daniel P. Hull